ON REHEARING
SUMMERS, Justice.
In our original opinion we stated that the law relating to the closing of express agency stations and the tests to be applied to determine whether, the closing is justifiable are those principles of law and those tests which are applicable to the closing and consolidating of railway agency stations. All parties are agreed as to the law applicable to such cases as this, but serious disagreement exists concerning conclusions to be drawn from the evidence under consideration.
It is an adequate disposition of this rehearing to state again that the main issue presented by this record is whether or not the proposed consolidation will result in inconvenience to the public within the area serviced by the express company, to review the record and to restate our appreciation of the facts of the case. In this-connection it is appropriate to note that the evidence considered here should be-confined to that which is relevant to the-defined limits proposed and heretofore-serviced by the applicant, and whether the-abandonment of the agency station arid the-consolidation will result in inconvenience-within that area. Questions concerning the-enlargement of the area to be serviced by the applicant because of growth and other factors are not properly before us and. should be the subject of a separate application and hearing if interested parties-would pursue that issue.
The applicant contends that the evidence-presented in support of the application and. the paucity of rebuttal evidence clearly demonstrate that the proposed consolidation will not result in any inconvenience-to the public in the affected area. Furthermore, it is pointed out that the consolidation will bring about some additional' conveniences which the public is not now-enjoying.
We agree that the consolidation and the-resulting closing of the Gretna and Harvey agencies will not adversely affect the-service rendered to such an extent that public convenience and necessity require-continuation of the present arrangement.. In the first place, it is clear that very few persons per day call at Algiers, Gretna or *561 Harvey for the transaction of express business. The elimination of the express of-fices at these points after the proposed con-‘ ■solidation, therefore, would affect an extremely small segment of the public. Additionally, it is shown that no inconvenience would result from the closing of these •offices, as the proposal contemplates the rstationing of a truck at a strategic point •on the west bank (probably near the rail :agency facilities) to receive callers with1 ■shipments or those picking up packages "because they live beyond the delivery limits. It would be unnecessary under this ■■arrangement for them to come to the New 'Orleans general agency to transact their 'business. To illustrate the feasibility of ■such an arrangement it was shown that •only one out of 37 motor carrier lines serving Gretna and Harvey maintains an office iin either place, and that line has its principal office in Harvey. The trucks to be used for pick up and delivery will be equipped with two-way radios in direct •communication with the New Orleans general agency. The New Orleans agency is .•available to Gretna and Harvey by toll-free telephone. With these communication facilities the truck can be expedited to any point on the west bank for pick xip service.
Aside from the showing that inconsequential (if any) inconvenience will result to the public generally, we feel it is properly shown that the consolidation will result in conveniences and advantages which the public is not enjoying under the present arrangement. An example of this showing 'is the evidence that the planned consolidation will enable the public on the west bank to take advantage of Southern Plan tariffs and move certain traffic at cheaper rates than are presently available.' Further savings will be available for the first time because the minimum $2.26 rail charge assessed on all air express traffic moving to and from Harvey and Gretna can be eliminated. Examples of these savings were given to illustrate how the public would be benefited if this application were successful.
Under present operations, truck service departs New Orleans for Gretna and Harvey at 9:00 a.m., five days per week. Shipments are unloaded again at New Orleans, sorted, and finally placed on an outbound train.
Under the proposed consolidation, all processing can be done at New Orleans and the extra handling of both outbound and inbound shipments on the west bank will be eliminated. Moreover, trucks will depart from New Orleans between 7:30 and 8:30 a.m. and make earlier deliveries on the west bank. For the first time Gretna and Harvey will be able to have Saturday service, while collection and deliv ■ ery of air express will be available seven *563 days per week including holidays—a service not now available.
Because of the modern equipment available at New Orleans and the greater amount of equipment based there, Gretna and Harvey will receive better service under the requested consolidation. The experienced general agency employees, who are specialists in phases of the express business are better fitted to render good service. Even unnecessary accounting will be eliminated under these proposals.
The opposition seems to be based primarily upon a lack of knowledge concerning the extent and type of service to be rendered under the proposed consolidation. A portion of the testimony of the protestants is concerned with a criticism of the service under the existing arrangement, rather than with specific opposition to the proposals in the petition. Other protestants were public officials and Chamber of Commerce representatives who pointed, with justifiable pride, to the growth of the west bank area and urged the denial of the petition on the basis of a general desire to preserve an existing arrangement although it has become outmoded and un-' economical. • The protestants offered no concrete evidente to contradict that evidence introduced by the express agency. Moreover, they did not refute the detailed facts and figures supporting the petition that defined the real issues before the commission as a matter of law.'
For the reasons assigned the judgment and decree originally rendered herein is approved, reinstated and made the final judgment of this court.
HAMITER and SANDERS, JJ., dissented.